# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 20-1755V

| | |
|---|---|
| MALANDA DIXON,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: August 30, 2024 |

*William E. Cochran, Jr.*, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN , for Petitioner.

*Benjamin Patrick Warder*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On December 3, 2020, Malanda Dixon filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccine administered on December 7, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 20, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On August 29, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $80,474.84 (comprised of $80,000.00 for pain and suffering and $474.84 for past unreimbursable expenses),

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

$1107.31.84 to satisfy a Medicaid lien for medical care, and $17.91 to satisfy a Medicaid lien for prescriptions. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award** the following compensation:

- **A lump sum of $80,474.84 (comprised of $80,000.00 for pain and suffering and $474.84 for past unreimbursable expenses) in the form of a check payable to Petitioner**;

- **A lump sum of $1,107.31, representing compensation for satisfaction of the State of Tennessee Medicaid lien for treatment, payable jointly to Petitioner[3] and to:**

    **BCBST**
    **1 Cameron Hill Circle, Ste. 0008**
    **Chattanooga, Tennessee 37402-0008**

- **A lump sum of $17.91, representing compensation for satisfaction of the State of Tennessee Medicaid lien for prescriptions, payable jointly to Petitioner[4] and to:**

    **TennCare Casualty Recovery**
    **MSC 1414**
    **P.O. Box 305133**
    **Nashville, Tennessee 37230-1414**

Proffer at 2.

The Clerk of Court is directed to enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Petitioner agrees to endorse this payment to BCBST for satisfaction of the Medicaid lien for medical treatment.

[4] Petitioner agrees to endorse this payment to TennCare Casualty Recovery for satisfaction of the Medicaid lien for prescriptions.

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| MALANDA DIXON, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH ) <br> AND HUMAN SERVICES, ) <br> ) <br> Respondent. ) <br> ) | No. 20-1755V **(ECF)** <br> Chief Special Master Corcoran |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On December 3, 2020, Malanda Dixon ("petitioner") filed a petition for compensation, under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine that she received on December 7, 2017. ECF No. 1 at 1. On December 20, 2022, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) report, in which he argued that petitioner had failed to demonstrate that she suffered a SIRVA. ECF No. 33. Following briefing by both parties, on June 20, 2024, the Chief Special Master issued his Ruling on Entitlement, in which he found that petitioner was entitled to compensation.[1] ECF No. 43.

---

[1] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(f), to seek review of the Chief Special Master's June 20, 2024 Ruling on Entitlement, finding petitioner entitled to an award under the Vaccine Act. This right accrues following the issuance of the damages decision.

I.      **Items of Compensation**

    A.      Pain and Suffering

Respondent proffers that petitioner should be awarded $80,000.00 for pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    B.      Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses pertaining to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $474.84. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

    C.      Medicaid Liens

Respondent proffers that petitioner should be awarded funds to satisfy Tennessee Medicaid liens in the amounts of $1,107.31 (for medical treatment) and $17.91 (for prescriptions), which amounts represent full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that the State of Tennessee may have against any individual as a result of any Medicaid payments that the State of Tennessee has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about December 7, 2017, under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II.  **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner be made through three lump sum payments as described below:

1) A lump sum payment of $80,474.84 in the form of a check payable to petitioner.[2]

2) A lump sum payment of $1,107.31, representing compensation for satisfaction of the State of Tennessee Medicaid lien for medical treatment, payable jointly to petitioner and to:

BCBST
1 Cameron Hill Circle, Ste. 0008
Chattanooga, Tennessee 37402-0008

Petitioner agrees to endorse this payment to BCBST for satisfaction of the Medicaid lien for medical treatment.

3) A lump sum payment of $17.91, representing compensation for satisfaction of the State of Tennessee Medicaid lien for prescriptions, payable jointly to petitioner and to:

TennCare Casualty Recovery
MSC 1414
P.O. Box 305133
Nashville, Tennessee 37230-1414

Petitioner agrees to endorse this payment to TennCare Casualty Recovery for satisfaction of the Medicaid lien for prescriptions.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

4

        C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JULIA M. COLLISON
Assistant Director
Torts Branch, Civil Division

*/s/ Benjamin P. Warder*
BENJAMIN P. WARDER
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
Telephone: (202) 532-5464
Email: Benjamin.P.Warder@usdoj.gov

DATE: August 28, 2024