# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1755V

|  |  |
|---|---|
| MALANDA DIXON,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: March 14, 2025 |

*William E. Cochran, Jr.*, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN , for Petitioner.

*Benjamin Patrick Warder*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 3, 2020, Malanda Dixon filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccine administered on December 7, 2017. Petition at 1. On August 30, 2024, I issued a decision awarding damages to Petitioner, based on the Respondent's proffer. ECF No. 48.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $60,777.72 as follows:

1. $58,777.55 (representing $57,281.20 for fees and $1,496.35 for costs) for Petitioner's counsel's law firm, Black, McLaren, Jones, Ryland, & Griffee ("BMJRG"); and

2. $2,000.17 (representing $1,827.00 for fees and $173.17 for costs)[3] for prior Petitioner's counsel's law firm, Dupont & Blumensteil.

Petitioner Application for Attorneys' Fees, filed Nov. 22, 2024, ECF No. 53. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. ECF No. 53-3.

Respondent reacted to the motion on December 2, 2024, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 55. Petitioner did not file a reply.

Having reviewed of the billing records submitted with Petitioner's requests, I find reductions in the amount of fees and costs to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special

---

[3] Although Petitioner characterized this total ($2,000.17) as attorney's fees, a review of the billing records shows $173.17 were paid costs for obtaining medical records. *Compare* ECF No. 53 at 1, 7 *with* ECF No. 53-4.

2

master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed by the attorneys and paralegals at BMJRG through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted. However, Petitioner has failed to provide adequate documentation to support the hourly rate of $350 for the 0.9 hours of time billed in 2018 and 2020, by the unnamed attorney at Dupont & Blumensteil. ECF No. 53-4 at (entries dated 9/5/18 and 9/1/20). Presumedly, this work was performed by Braden Blumensteil, who appears to be the only attorney at the firm admitted to practice at this Court. However, the hourly rate previously awarded for Mr. Blumensteil's 2018 and 2020 work was $225. As Petitioner has provided no support for a greater hourly rate, or further explanation as to why the attorney's fees should be fully awarded,[4] I will use the lower, and previously awarded, hourly rate ($225) when awarding attorney's fees in this case. **This reduces the amount of fees to be awarded by $112.50.[5]**

Regarding the time billed, I deem the *total* amount of time devoted to briefing entitlement to be excessive – although not egregiously so. *See* Petitioner's Motion for a Ruling on the Record (Entitlement), filed Feb. 24, 2023, ECF No. 35; Petitioner's Reply to Respondent's Response to Petitioner's Motion for Ruling on the Record (Entitlement),

---

[4] I note that if another attorney at this firm performed the work (instead of Mr. Blumensteil), the hourly rate would likely be lower. The work of attorney's who have not yet been admitted to the bar is generally reimbursed using the highest paralegal rate.

[5] This amount consists of ($350 - $225) x 0.9 hrs. = $112.50.

filed Apr. 28, 2023, ECF No. 42. Petitioner's counsel expended approximately 11.7 hours drafting the entitlement brief and 16.1 hours drafting the reply brief, totaling 27.8[6] hours. ECF No. 53-2 at 14-16.

It is unreasonable for counsel to spend so much time briefing the issue of entitlement in this case, where the issues presented are not complex. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[7] in which attorneys have accomplished this task in about half the time.[8] *See,* e.g., *Fletcher v. Sec'y of Health & Hum. Servs.*, No. 20-0127V (Apr. 25, 2024) (12.7 and 9.0 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Lamine v. Sec'y of Health & Hum. Servs.*, No. 20-1560V (Mar. 27, 2024) (8.9 and 7.2 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Davenport v. Sec'y of Health & Hum. Servs.*, No. 20-0206V (Mar. 25, 2024) (16.5 and 2.6 hours billed for drafting an entitlement brief and a responsive entitlement brief, respectively); *Graczyk v. Sec'y of Health & Hum. Servs.*, No. 21-0376V (Feb. 9, 2024) (5.8 and 8.3 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Sisneros v. Sec'y of Health & Hum. Servs.*, No. 20-2070V (Feb. 8, 2024) (0.8 and 10.5 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Strand v. Sec'y of Health & Hum. Servs.*, No. 20-0365V (Feb. 5, 2024) (7.9 and 7.2 hours billed for drafting an entitlement brief and a responsive entitlement brief, respectively); *Griswold v. Sec'y of Health & Hum. Servs.*, No. 19-1674V (May 30, 2024) (5.0 and 2.0 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *McCallum v. Sec'y of Health & Hum. Servs.*, No. 19-1991V (May 19, 2023) (8 hours billed for drafting an entitlement brief); *Weso v. Sec'y of Health & Hum. Servs.*, No. 19-0596V (May 16, 2024) (6.0 and 1.1 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively).

Of course, having prevailed in this case, a fees award is generally appropriate. ECF No. 48. But the Act permits only an award of a *reasonable amount of* attorney's fees. Accordingly, I will reduce the sum to be awarded for entitlement briefing (**a total of 27.8**

---

[6] This total is calculated as follows: 27.2 hours billed on 1/19/23, 2/1/23, 2/14/23, 2/22//23, 2/23/23, 2/24/23, 3/27/23 (two entries), 3/28/23, 3/29/23, 4/12/23, 4/13/23, 4/26/23, and 4/28/23, by William Cochran, at a rate of $450; and 0.6 hours billed on 2/1/23 and 4/13/23, by Christopher Webb at a rate of $410. ECF No. 53-2 at 14-16.

[7] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[8] These decisions can be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited Mar. 24, 2024).

**hours, or $12,486.00)** by *twenty percent*.[9] Such an across-the-board reduction (which I am empowered to adopt)[10] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $2,497.20.**[11]

### ATTORNEY COSTS

Petitioner has provided supporting documentation for all claimed costs expended by BMJRG. ECF No. 53-2 at 19-36. And Respondent offered no specific objection to the rates or amounts sought.

However, Petitioner did not provide supporting receipts for the amount of costs sought by Petitioner's prior law firm, Dupont and Blumensteil. As required by the Vaccine Rules, "Petitioner must include any and all materials necessary to substantiate the request, including, but not limited to, the contents specified in the Second Supplement to Appendix B." Vaccine Rule 13(a)(1) (revised July 29, 2024); *see* Second Supplement to Appendix B Attorney's Fees and Costs 2. Attorney's Costs (2023). **Disallowing these costs results in a reduction of $173.17.**[12]

### CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$57,994.85 (representing $54,784.00 for attorney's fees and $1,496.35 attorney's in costs for a total of $56,280.35 to BMRJG; and $1,714.50 in attorney's fees to Dupont and Blumensteil) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In

---

[9] Because the amount of excessive hours was not as egregious as in previous cases, I will reduce the hours billed by a lower amount than I otherwise would apply. *See,* e.g., *Callejas v. Sec'y of Health & Hum. Servs.,* No. 20-1767V, 2023 WL 9288086 (Fed. Cl. Spec. Mstr. Oct. 24, 2023).

[10] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[11] This amount is calculated as follows: (27.2 hrs. x $450 x .20) + (0.6 hrs. x $410 x .20) = $2,497.20.

[12] These entries are as follows: 9/19/13 (three entries), 12/20/18, and 4/11/19. ECF No. 53-4 at 2.

the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[13]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[13] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.